**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000031**
**18-DEC-2015**
**09:45 AM**

NO. CAAP-15-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BALI HAI VILLAS LTD., a Hawaii Limited Partnership,
and STEVEN GARNER, on behalf of himself and all other limited
partners of Bali Hai Villas Ltd.,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
JAMES GIBSON, in his capacity as Personal Representative
of the probate estate of David Walters,
Defendant/Cross-Claim Defendant/Appellee,
and
ARDESHIR HORMOZYARI, in his capacity as Successor Trustee of the
Davie E. Walters Trust, etc., KEKAHA MS., LLC, LIHUE MS., LLC and
KAUAI BEACH VILLAS PHASE II, LLC,
Defendants/Cross-Claim Defendants/ Appellants
and
Goodsill Anderson Quinn & Stifel, LLP
Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee
and
BALI HAI VILLAS, INC., Defendant/Cross-Claim
Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellee,
and
LUCETTI WALTERS, SPIZZIRRI FAMILY TRUST, and CANDEE SPIZZIRI,
Defendants/Cross-Claim Defendants/Appellees,
and
ARDESHIR HORMOZYARI,
KEKAHA, MS, LLC, a Hawaii limited liability company,
LIHUE MS, LLC, a Hawaii limited liability company, KAUAI BEACH
VILLAS PHASE II, LLC, a Hawaii limited liability company,
Defendants/Cross-Claim Defendants/Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0053)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of record, it appears that we lack appellate jurisdiction over Defendants/Cross-Claim Defendants/ Appellants Ardeshir Hormozyari, in his capacity as Successor Trustee of the David E Walters Trust dated March 31, 2003 and as Successor Personal Representative of the probate estate of David Walters, Kekaha MS, LLC, Lihue MS, LLC , and Kauai Beach Villas Phase II, LLC's (the Appellants) appeal from the Honorable Randal G.B. Valenciano's November 19, 2014 interlocutory order denying the Appellants' May 27, 2014 motion to dismiss Counts 1-30 and Count 35 of Plaintiffs/Counterclaim-Defendants/Appellees Bali Hai Villas, Ltd. and Steven Garner's May 16, 2014 second amended complaint (the November 19, 2014 interlocutory order) because the Appellants' appeal is not timely under Rule 4(a) of the Hawai'i Rules of Appellate Procedure (HRAP) and Hawaii Revised Statutes (HRS) § 641-1(b) (1993 & Supp. 2014) as to the November 19, 2014 interlocutory order.

Despite the absence of an appealable final judgment in this case, the Appellants have attempted to invoke this court's appellate jurisdiction over their interlocutory appeal from the November 19, 2014 interlocutory order pursuant to HRS § 641-1(b), which required the Appellants to obtain the express leave of the circuit court for doing so. Mason v. Water Resources International, 67 Haw. 510, 511-12, 694 P.2d 388, 389 (1985). Regarding the time requirement for an interlocutory appeal under HRS § 641-1(b), the Supreme Court of Hawai'i has interpreted the combination of HRAP Rule 4(a)(1) and HRS § 641-1(b) as requiring the appellant to obtain the circuit court's leave under HRS

-2-

§ 641-1(b) by way of a circuit court order before the time period for filing a timely notice of appeal expires:

> We have interpreted HRAP Rule 4(a)(1)'s requirement that the notice of interlocutory appeal be filed "within 30 days after the date of entry of the . . . . order appealed from" to mean that . . . [i]t is necessary for a party wanting to take an interlocutory appeal to move for an order allowing the appeal, for the court to enter the order and for the appellant to file the notice of appeal all within 30 days from the filing of the order appealed from, unless the time for appeal is extended pursuant to HRAP Rule 4(a)(5).

State v. Irvine, 88 Hawai'i 404, 406, 967 P.2d 236, 238 (1998) (some emphasis added; citation and block quotation format omitted). "The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and the time period runs from the entry of the order, not from the allowance of the appeal." King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 335, 741 P.2d 721, 722 (1987) (emphasis added).[1] Thus, for example, the King v. Wholesale Produce Dealers Ass'n of Hawaii court dismissed an HRS § 641-1(b) interlocutory appeal as untimely under the following circumstances:

> This is an interlocutory appeal taken, pursuant to HRS § 641-1(b), from an order denying a motion to dismiss. . . . The order appealed from was entered October 17, 1986. On November 3, 1986, appellant moved in the court below for an order allowing an interlocutory appeal. That order was entered December 30, 1986. The notice of appeal was filed January 16, 1987, ninety-one (91) days after the order denying the motion to dismiss.

King, 69 Haw. at 334, 741 P.2d at 721. In yet another example,

---

[1] With respect to certification of a circuit court's adjudication of one or more but less than all claims for an appeal pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure, the Supreme Court of Hawai'i has stated that Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994) overruled King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 741 P.2d 721 (1987). Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). However, the holding in Jenkins "does not appear to disturb the holding in King with respect to HRS § 641-1(b)." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311 n.19, 9494 P.2d 141, 151 n.19 (App. 1997).

we dismissed an interlocutory appeal under HRS § 641-1(b) when "the court did not enter its written order allowing an interlocutory appeal within thirty days of the entry of the order from which Plaintiffs wished to appeal, despite Plaintiffs' prompt motion for such an order." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311, 9494 P.2d 141, 151 (App. 1997) ("Therefore, we conclude that Plaintiffs' appeal of the [interlocutory] order was untimely and we are without jurisdiction of that appeal."). Under the holdings in King and Kohala Agriculture, an aggrieved party must convince the circuit court to enter an order granting leave under HRS § 641-1(b) to file an interlocutory appeal from the subject interlocutory order before the relevant time period under HRAP Rule 4(a) for filing a notice of appeal from the subject interlocutory order expires.

In the instant case, the following relevant events occurred after the circuit court had entered the November 19, 2014 interlocutory order. On December 11, 2014, the circuit court entered an order finding good cause under HRAP Rule 4(a)(4)(A) to extend the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal until January 18, 2015. On December 11, 2014, the Appellants filed a motion for leave under HRS § 641-1(b) to assert an interlocutory appeal from the November 19, 2014 interlocutory order. On January 15, 2015, the circuit court orally announced that it intended to grant the Appellants' December 11, 2014 motion for leave under HRS § 641-1(b) to assert an interlocutory appeal from the November 19, 2014 interlocutory order, but the circuit court did not immediately reduce its oral ruling to a written order. On January 16, 2015,

-4-

the Appellants filed their notice of appeal from the November 19, 2015 interlocutory order. At the end of the day on January 18, 2015, the extended time period under HRAP Rule 4(a)(4)(A) for filing a notice of appeal from the November 19, 2014 interlocutory order expired. On February 13, 2015 the circuit court entered a written order purporting to grant the Appellants' December 11, 2014 motion for leave under HRS § 641-1(b) to assert an interlocutory appeal from the November 19, 2014 interlocutory order. In other words, the circuit court did not enter its February 13, 2015 written order allowing an interlocutory appeal before the extended due date under HRAP Rule 4(a)(4)(A) for filing a notice of appeal expired at the end of the day on January 18, 2015, as the holdings in King and Kohala Agriculture required. Therefore, the Appellants' interlocutory appeal from the November 19, 2015 interlocutory order is untimely.

Although the circuit court announced on January 15, 2015, that it intended to grant the Appellants' December 11, 2014 motion for leave under HRS § 641-1(b) to assert an interlocutory appeal, an "order is entered when it is filed in the office of the clerk of the court." HRAP Rule 4(a)(5). The concept of entering of an order "signifies something more formal than mere oral rendition of an order or ruling of the court, and contemplates a filed written order." Scott v. Liu, 46 Haw. 221, 225-26 377 P.2d 696, 700 (1963); State v. Bulgo, 45 Haw. 501, 503, 370 P.2d 480, 482 (1962) ("Indeed, the concept of 'entry' . . . signifies something more formal than mere oral rendition of an order or ruling of the court."); Torres v. Torres, 100 Hawai'i 397, 407, 60 P.3d 798, 808 (2003) ("The family court's

September 24, 1999 minute order, notifying the parties that it had decided in favor of Margot, did not 'embody' or 'announce' appropriate orders; the court's reasoning and precise contours of its decision remained to be expressed in the written order. Consequently, the time within which Louan was required to file her motion for reconsideration did not begin on September 24, 1999."); Glover v. Grace Pacific Corporation, 86 Hawai'i 154, 162, 948 P.2d 575, 583 (App. 1997) ("The [circuit] court's minute order of September 14, 1993[,] was not the 'requisite written' order which could be enforced."); State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) ("Though the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely 'prepared for [the court's] own use.' RCCH Rule 27." (Footnote omitted).); KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (A district court's "oral decision is not an appealable order."); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) ("[A] minute order is not an appealable order."). Accordingly, the circuit court's oral announcement on January 15, 2015, did not make the Appellants' January 16, 2015 notice of appeal timely, because the circuit court did not enter its February 13, 2015 written order allowing an interlocutory appeal before the extended due date under HRAP Rule 4(a)(4)(A) for filing a notice of appeal from the November 19, 2014 interlocutory order expired at the end of the day on January 18, 2015, as the holdings in King and Kohala Agriculture required for a timely interlocutory appeal.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000031 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, December 18, 2015.

Chief Judge

Associate Judge

Associate Judge